Joseph M. Conroy, J.
Motion by judgment creditor for an order (1) directing the third party to pay to the attorneys for the judgment creditor moneys which became due to the debtors for rent on June 15 and July 15, 1956, (2) directing said third party to pay future rents to the attorneys for the judgment creditor, (3) restraining the judgment debtors from committing waste upon the real property, (4) directing one of the judgment debtors to deliver a certain automobile to the Sheriff, (5) appointing a receiver of the property of the judgment debtors, (6) directing the judgment debtors to pay taxes and mortgage instalments on the real property or, in the alternative, fixing the reasonable value of that portion of the property occupied by the debtors and directing them to pay the same to the receiver, (7) fixing the reasonable value of that portion of the property occupied by one “ Jane ” Tunick, and for such other and further relief as may be proper.
The judgment debtors having appeared specially to contest the service of the order to show cause herein, the court set that question down for a hearing which was held on October 26, 1956 and continued on October 30, 1956. After hearing the process server and one of the judgment debtors, the court finds that the order to show cause and the affidavits annexed thereto were duly served personally on each of the judgment debtors, and that this court, therefore, has jurisdiction of the application.
On April 15,1955, the judgment creditor obtained a judgment of $5,196.39 against the judgment debtors in the Supreme Court, Nassau County, substantially all of which remains unpaid. On July 27, 1956, the Sheriff of the City of New York sold certain real property of the debtors at public auction. The highest bid, $500, was made by the judgment creditor. The time within which the debtors may redeem has not yet expired.
*146 Under section 804 of the Civil Practice Act the judgment creditor is undoubtedly entitled to the appointment of a receiver and that branch of the motion is granted. When a receiver has been appointed, debts due to the judgment debtors should be paid to the receiver. (Civ. Prac. Act, § 794.) Accordingly, the third party will be directed to pay past and future rents to the receiver to be appointed herein.
There is no proof that the judgment debtors are committing waste and that portion of the motion is denied. It also appears that the Sheriff has already levied on the judgment debtor’s car and that portion of the motion, being academic, is denied.
That branch of the motion which requests an order fixing the reasonable value of the portion of the property occupied by “ Jane ” Tunick is denied. It appears that “ Jane ” Tunick is the mother of one of the judgment debtors and was visiting them for two weeks during the summer.
That branch of the motion which seeks to compel the debtors to pay the mortgage payments or a reasonable sum for use and occupation is denied. The debtors have the right to occupy and use the property sold under an execution until the period of redemption has expired. (Civ. Prac. Act, § 719.)
Submit order providing for the appointment of a receiver and directing the third party to pay past and future rents to said receiver.